# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| TERRELL GOODMAN<br>    Plaintiff | )<br>)<br>)<br>) |   |
| v. | )<br>) | Civil action No. |
| NOLAN ASSOCIATES, LLC,<br>d/b/a BOSTON HARBOR<br>CRUISES, and M/V<br>COMMANDER, LLC<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |   |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL

Now comes the Plaintiff, Terrell Goodman, and for his Complaint states as follows:

## THE PARTIES

1. The Plaintiff, Terrell Goodman, is a resident of Jacksonville, State of Florida.

2. The Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, is a Limited Liability Company duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Boston, Commonwealth of Massachusetts.

3. The Defendant, M/V Commander, LLC, is a Limited Liability Company duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

4. On or about September 1, 2018, the Plaintiff, Terrell Goodman, was employed by the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises.

5. On or about September 1, 2018, the Plaintiff, Terrell Goodman, was employed by the

Defendant, M/V Commander, LLC.

6. On or about September 1, 2018, the Plaintiff, Terrell Goodman, was employed by the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, as a seaman, and a member of the crew of M/V COMMANDER.

7. On or about September 1, 2018, the Plaintiff, Terrell Goodman, was employed by the Defendant, M/V Commander, LLC, as a seaman, and a member of the crew of M/V COMMANDER.

8. On or about September 1, 2018, the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, owned the M/V COMMANDER.

9. On or about September 1, 2018, the Defendant, M/V Commander, LLC, owned the M/V COMMANDER.

10. The Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, chartered M/V COMMANDER, from some other person or entity such that on or about September 1, 2018, the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, was the owner pro hac vice of M/V COMMANDER.

11. The Defendant, M/V Commander, LLC, chartered M/V COMMANDER, from some other person or entity such that on or about September 1, 2018, the Defendant, M/V Commander, LLC, was the owner pro hac vice of M/V COMMANDER.

12. On or about September 1, 2018, the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, or its agents, servants, and/or employees operated the M/V COMMANDER.

13. On or about September 1, 2018, the Defendant, M/V Commander, LLC, or its agents, servants, and/or employees operated the M/V COMMANDER.

14. On or about September 1, 2018, the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, its agents, servants, and/or employees controlled the M/V COMMANDER.

15. On or about September 1, 2018, the Defendant, M/V Commander, LLC, or its agents, servants, and/or employees controlled the M/V COMMANDER.

16. On or about September 1, 2018, M/V COMMANDER was in navigable waters.

17. On or about September 1, 2018, while in the in the performance of his duties in the service of M/V COMMANDER, the Plaintiff, Terrell Goodman, sustained personal injuries when the vessel allided with a concrete abutment to the hurricane barrier at the entry to the port of New Bedford.

18. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Terrell Goodman, was exercising due care.

## JURISDICTION

19. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104, et. seq. (formerly § 688 et. seq.)

20. Alternatively, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and/or 28 U.S.C. § 1331.

## COUNT I
## TERRELL GOODMAN V. NOLAN ASSOCIATES, LLC, D/B/A BOSTON HARBOR CRUISES
## (JONES ACT NEGLIGENCE)

21. The Plaintiff, Terrell Goodman, reiterates the allegations set forth in paragraphs 1 through 20 above.

22. The personal injuries sustained by the Plaintiff, Terrell Goodman, were not caused by any

fault on his part but were caused by the negligence of the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, its agents, servants and/or employees.

23. As a result of said injuries, the Plaintiff, Terrell Goodman, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

24. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Terrell Goodman, demands judgment against the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, in an amount to be determined by a jury together with interest and costs.

## COUNT II
## TERRELL GOODMAN V. NOLAN ASSOCIATES, LLC, D/B/A BOSTON HARBOR CRUISES
## (GENERAL MARITIME LAW - UNSEAWORTHINESS)

25. The Plaintiff, Terrell Goodman, reiterates the allegations set forth in paragraphs 1 through 20 above.

26. The personal injuries sustained by the Plaintiff, Terrell Goodman, were due to no fault of his, but were caused by the Unseaworthiness of M/V COMMANDER.

27. As a result of said injuries, the Plaintiff, Terrell Goodman, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

28. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Terrell Goodman, demands judgment against the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, in an amount to be determined

by a jury together with punitive damages, interest and costs.

## COUNT III
## TERRELL GOODMAN V. NOLAN ASSOCIATES, LLC, D/B/A BOSTON HARBOR CRUISES
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

29. The Plaintiff, Terrell Goodman, reiterates all of the allegations set forth in Paragraphs 1 through 20 above.

30. As a result of the personal injuries described in paragraph 17 above, the Plaintiff, Terrell Goodman, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Terrell Goodman, demands judgment against the Defendant, Nolan Associates, LLC, d/b/a Boston Harbor Cruises, in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

## COUNT IV
## TERRELL GOODMAN V. M/V COMMANDER, LLC
### (JONES ACT NEGLIGENCE)

31. The Plaintiff, Terrell Goodman, reiterates the allegations set forth in paragraphs 1 through 20 above.

32. The personal injuries sustained by the Plaintiff, Terrell Goodman, were not caused by any fault on his part but were caused by the negligence of the Defendant, M/V Commander, LLC, its agents, servants and/or employees.

33. As a result of said injuries, the Plaintiff, Terrell Goodman, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

34. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Terrell Goodman, demands judgment against the

Defendant, M/V Commander, LLC, in an amount to be determined by a jury together with interest and costs.

### COUNT V
### TERRELL GOODMAN V. M/V COMMANDER, LLC
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

35. The Plaintiff, Terrell Goodman, reiterates the allegations set forth in paragraphs 1 through 20 above.

36. The personal injuries sustained by the Plaintiff, Terrell Goodman, were due to no fault of his, but were caused by the Unseaworthiness of M/V COMMANDER.

37. As a result of said injuries, the Plaintiff, Terrell Goodman, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

38. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count IV.

WHEREFORE, the Plaintiff, Terrell Goodman, demands judgment against the Defendant, M/V Commander, LLC, in an amount to be determined by a jury together with punitive damages, interest and costs.

### COUNT VI
### TERRELL GOODMAN V. M/V COMMANDER, LLC
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

39. The Plaintiff, Terrell Goodman, reiterates all of the allegations set forth in Paragraphs 1 through 20 above.

40. As a result of the personal injuries described in paragraph 17 above, the Plaintiff, Terrell Goodman, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Terrell Goodman, demands judgment against the

Defendant, M/V Commander, LLC, in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

**THE PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES RAISED IN THIS COMPLAINT**

Respectfully submitted for the
the Plaintiff, Terrell Goodman,
by his attorneys,

Dated:  August 25, 2021

/s/ Jonathan E. Gilzean
Jonathan E. Gilzean, BBO # 679164
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
jgilzean@lattianderson.com